UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cr-20224-UU

UNITED STATES OF AMERICA

v.

MAYCOL MENDEZ MARADIAGA,

    Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION *IN LIMINE*

THIS CAUSE comes before the Court on the Government's Motion *in Limine* to Exclude Testimony and/or Evidence About the Termination of Marvin Reyes, a confidential informant for the Government (D.E. 20) (the "Motion").

THE COURT has considered the Motion and Defendant's opposition (D.E. 28) and is otherwise fully advised in the premises.

### BACKGROUND

Defendant is charged with one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.§ 846, and two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C.§ 841(a)(1). D.E. 1.

The Government seeks to exclude evidence about Marvin Reyes's termination from his work as a confidential informant ("CI") for the Government as irrelevant and improper. D.E. 20 at 1. Defendant objects, arguing that Reyes's termination is relevant to Defendant's entrapment defense. D.E. 28 at 2.

Reyes was activated as a CI "a few years prior to his involvement in the instant case." D.E. 20 at 1. Reye's role in this case was to introduce Defendant to an undercover agent ("UC") and act

1

as a go-between to arrange narcotic transactions between Defendant and the UC, which occurred in October and November of 2015 as charged in the indictment. *Id.* On January 31, 2019, over three years after the charged offenses, Reyes was arrested and terminated as a CI for attempting to coordinate a five-kilogram cocaine deal. *Id.* at 1–2. Reyes, who had been working as a CI so that he could stay in the United States, was then deported back to Honduras on or about February 11, 2019. *Id.* at 2; D.E. 28 at 2. The Government states it is "not aware of any evidence that would indicate that Reyes acted improperly, or contrary to any law during the timeframe of the investigation of the defendant." D.E. 20 at 1. "[T]he Government does not intend to use Reyes as a witness in its case-in-chief." *Id.* at 2; D.E. 21.

## DISCUSSION

"[T]he Federal Rules of Evidence permit a defendant to introduce evidence concerning the criminal history of a non-testifying confidential informant in order to substantiate the defense's theory that the informant had planted drugs on him at the time of his arrest." *United States v. Raphael*, 487 F. App'x 490, 496 (11th Cir. 2014) (citing *United States v. Stephens*, 365 F.3d 967, 974–75 (11th Cir. 2004)). "Thus, there is no blanket prohibition on admitting evidence concerning a non-testifying confidential informant's criminal history, if that evidence is used to substantiate a defense." 487 F. App'x at 496. However, the relevance of a non-testifying CI's criminal history has a temporal component. *United States v. Williams*, 954 F.2d 668, 672 (11th Cir. 1992) (rejecting the defendant's argument that the trial court "abused its discretion in excluding evidence that a UC was arrested [on drug charges] after this investigation"); *Raphael*, 487 F. App'x at 496 (holding that the trial court in a drug case improperly limited defense counsel's cross-examination of a UC about a non-testifying CI's criminal history where the CI had multiple arrests for dealing cocaine and an attempted murder charge prior to his involvement in the case).

2

The Court finds the length of time between the charged offenses and Reyes's arrest over three years later renders Reyes's arrest and termination irrelevant. Reyes is not alleged to have acted improperly prior to January 2019. In support of his argument that Reyes's arrest and termination are relevant to entrapment, Defendant points to a Government report stating that Reyes "prodded" Defendant to "gain his trust"; however, Defendant states, the Government has not provided Defendant with information as what exactly Reyes did to gain Defendant's trust. D.E. 28 at 2. Indeed, such information may be relevant to Defendant's putative entrapment defense, in part because those acts occurred during the timeframe of the investigation. But the issue here concerns Reyes's actions in 2019, which did not involve Defendant, and which the Court finds irrelevant.

Defendant further argues, without citing law, that "from a [Fed. R. Evid.] 403 perspective, the government should not be allowed to use a [CI] during a criminal investigation, but then deport him shortly before a defendant's trial. Such a tactic effectively precludes a defendant from ever having the opportunity to attack the [CI's] motivation, intent, or veracity for truthfulness." D.E. 28 at 3. Courts have routinely allowed evidence concerning a non-testifying CI. *See, e.g.*, *Williams*, 954 F.2d at 672; *Raphael*, 487 F. App'x at 496. The Court finds that excluding evidence of Reyes's arrest and termination is not unfairly prejudicial to Defendant. Defendant also contends that since Reyes is unavailable, the jury should be informed as to why he is unavailable. D.E. 28 at 4. The Court disagrees, but will consider, at a future date, whether a missing witness instruction is appropriate.[1]

---

[1] In addition, as the Government points out, because Reyes will not be called as a witness, evidence about his termination is unavailable to impeach him. *See Williams*, 954 F.2d at 672 ("The law is clearly established that one may not introduce evidence to impeach a witness who does not testify."); *United States v. Valdes*, 214 F. App'x 948, 951 n.5 (11th Cir. 2007).

Entrapment requires (1) government inducement of the crime and a (2) lack of predisposition by the defendant to commit the crime. *United States v. Duran*, 596 F.3d 1283, 1298–99 (11th Cir. 2010) (citing *United States v. Ventura*, 936 F.2d 1228, 1230 (11th Cir. 1991). A defendant must first "present sufficient evidence of government inducement to raise the defense." *Ventura*, 936 F.2d at 1230. Then, upon the defendant making the requisite showing of inducement, "the burden then shifts to the government to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the offense charged." *Id.*

Defendant speculates that "as a practical matter, evidence regarding Reyes's involvement in kilogram-quantity transactions will likely be admissible anyway" given his entrapment defense. D.E. 28 at 4. As such, because "the burden will then shift to the government to prove beyond a reasonable doubt that [Defendant] was not entrapped[, Defendant] should be allowed to introduce reverse 404(b) evidence of Reyes's bad acts . . . to show proof of Reyes's motive, opportunity, or intent." *Id.*[2] Defendant does not go on to discuss how Reyes's 2019 arrest and termination would show Reye's motive, opportunity, or intent to induce Defendant into committing the charged crimes. Further, such an argument is premature at this juncture given that Defendant has not identified what exactly he intends to introduce at trial concerning Reyes's alleged inducement. D.E. 28 at 4 n.1. If Defendant makes an insufficient showing of inducement, then the burden will not shift to the Government to prove that Defendant was predisposed to committing the charged offenses. Accordingly, it is hereby

ORDERED and ADJUDGED that the Government's Motion, D.E. 20, is GRANTED.

---

[2] "Unlike the usual circumstance in which the prosecution seeks to introduce evidence of the accused's conduct on another occasion," reverse 404(b) evidence is "offered by the defense and involves behavior of a witness other than a defendant." *United States v. South*, 295 F. App'x 959, 969 (11th Cir. 2008). "Although the standard for admission is relaxed when the evidence is offered by a defendant, the party advancing the evidence must demonstrate that it is not offered to prove the character of a person in order to show action in conformity therewith. If the evidence is shown to have a special relevance to a disputed issue, the court must balance the probative value against the possibility of unfair prejudice." *Id.* at 969–70 (internal citations and quotation marks omitted).

DONE AND ORDERED in Chambers at Miami, Florida, this _6th_ day of September, 2019.

*Ursula Ungaro*

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
Counsel of record via CM/ECF